UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; NORTHWEST CARPENTERS INDIVIDUAL ACCOUNT PENSION TRUST; NORTHWEST CARPENTERS VACATION TRUST; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,

Plaintiffs,

v.

SIGHTLINE PROFESSIONALS, LLC, a Nevada limited liability company,

Defendant.

Case No. 2:23-cv-02005-JHC

ORDER RE: DEFAULT JUDGMENT

# I

## INTRODUCTION

This matter comes before the Court on the Trust Funds'[(Plaintiffs')] Motion for Entry of Default Judgment. Dkt. # 13. The Court has considered the motion, the rest of the case file, and the governing law. Being fully advised, the Court GRANTS the motion.

/

/

## II

### DISCUSSION

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)). Courts typically consider these "*Eitel* factors" when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "[D]efault judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, No. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

### A. Application of *Eitel* Factors

#### 1. Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted). Defendant has failed to respond to this action, so

default judgment is Plaintiffs' only means for recovery.  *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022).  Thus, this factor supports default judgment.

### 2. Merits of Plaintiff's Claims and Sufficiency of Complaint

"Courts often consider the second and third *Eitel* factors together." *Devs. Sur. and Indem. Co. v. View Point Builders, Inc.*, No. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022).  As mentioned above, the Court must accept all well-pleaded allegations in the complaint as established fact.  Accepting such allegations, the complaint suffices to state the causes of action directed against Defendant.  Thus, the second and third *Eitel* factors weigh in favor of Plaintiffs.

### 3. Sum of Money at Stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Est. of Wheeler*, No. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020).  Here, Plaintiffs seek delinquent fringe benefit contributions, plus legally recoverable and related liquidated damages, interest, attorney fees, and costs.  Thus, the fourth *Eitel* factor supports default judgment.

### 4. Possibility of Dispute Over Material Facts

There is no sign that the material facts are in dispute.  And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Defendant did not appear, so the Clerk correctly entered default against it.  Dkt. # 12.

/

/

### 5. Probability that Default was Because of Excusable Neglect

The sixth *Eitel* factor assesses whether Defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No. C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiffs establishes that they did properly serve Defendant. *See* Dkt. # 9. So, this factor weighs in favor of default judgment.

### 6. Policy Favoring Decision on the Merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Defendant's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Emp. Painters' Trust v. Dahl Constr. Servs., Inc.*, CASE NO. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

In sum, the *Eitel* factors support default judgment.

B.      Damages; Attorney Fees & Costs.

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes*, 559 F.2d at 560. Plaintiffs have the burden of proving its requested damages are

reasonable and supported by evidence. *See Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

The Declaration of Kealsye Fahey in Support of the Trust Funds' Motion for Entry of Default Judgment, Dkt. # 14, the Declaration of Jeffrey Maxwell in Support of the Trust Funds' Motion for Entry of Default Judgment, Dkt. # 15, along with the attachments to these documents, provide sufficient evidence to support each discrete amount sought to be reduced to judgment.

### III
### CONCLUSION

In light of the foregoing, the Court GRANTS the motion and ORDERS that Defendant Sightline Professionals, LLC is liable to Plaintiffs under ERISA and the applicable written trust agreements, for the following for April and May 2023:

    a.    Fringe benefit contributions of $5,673.64;

    b.    Liquidated damages in the amount of $676.95 (per the terms of the trust agreements (*see* Dkt. # 14 at 5); and

    c.    Prejudgment interest of $765.02.

Also, the Court AWARDS Plaintiffs reasonable attorney fees of $7,468.00 and costs of $610.00 under 29 U.S.C. §1132(g)(2)(D).

Dated: July 19, 2024.

*[signature: John H. Chun]*

John H. Chun
United States District Judge